MR. JUSTICES HASWELL and DALY,
(dissenting) :
We dissent.
The statement of events surrounding the custodial interrogation of defendant set forth in the majority opinion is incomplete. There is contrary and conflicting evidence in the record supporting the findings of the district court that defendant did not consciously and intelligently waive his known and understood constitutional rights, that psychological coercion was present, and that defendant’s written waiver and statement was involuntary.
For example, Lt. Sullivan testified that the interrogation continued after defendant said he wanted to remain silent and thereafter the purported waiver and signed written statement resulted:
“Q. And isn’t it a fact that after it was indicated to you and Chief Russell and Assistant Attorney, Brian Tierney, Mr. Smith thought that Mr. Tierney was representing him and after Mr. Smith said he wished to remain silent that you continued to interrogate him and came up with Exhibits C and D? A. Are yon referring to this, I want to remain silent?
“Q.. Yes. After he said that, when the subsequent chain of events was there was a continued interrogation with C and D coming into being, isn’t that correct? A. Could I explain?
“Q. Well, it’s either a fact that you did question or you didn’t? A. Yes, I did, but I don’t read that meaning into it.
“Q. But you did continue to question? A. Yes.”
Sgt. Mulcahy testified:
“Q. In fact, he was upset and crying throughout the interrogation from listening to the tape was he not? A. Off and on.
“Q. And would you say at any time that he could have been in shock like he was in a daze? A. Yes, sir. I wouldn’t *343 want to define shock, bnt I would say that at times he appeared to be in shock or dazed.”
The Chief of Police testified that he told defendant that he didn’t believe the story defendant was telling, and that “if the truth was told that it would be easier on everybody, that we wouldn’t have to bring his children into this thing and that,. I did talk like that.”
This testimony constitutes substantial credible evidence supporting the fact findings of the district judge and renders, the waiver and written statement of the defendant inadmissible under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.
We would affirm Judge, Freebourn’s order suppressing the evidence.